UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04782-JMS-MPB |
| ) | |
| AMAZON.COM SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS AND REPORT AND RECOMMENDATION TO DISMISS MATTER WITH PREJUDICE**

On September 21, 2020, the parties participated in a telephonic settlement conference in this matter. Plaintiff Cynthia White, her counsel, Defendant Amazon.com Services LLC's representative, and Amazon's counsel all attended and participated in the conference with the undersigned acting as the mediator. (Docket No. 24). After negotiations, the parties reached a settlement and Ms. White executed a complete, written Settlement Agreement and General Release of Claims ("Agreement") during the conference.

The court's entry on the matter required Plaintiff's counsel to file a Motion to Dismiss or a Stipulation to Dismiss on Plaintiff's behalf on or before October 22, 2020. (Docket No. 24). Counsel represents he no longer has the Plaintiff's authorization to do so. (Docket No. 26). On September 28, 2020, Plaintiff's counsel filed a *Motion to Withdraw* stating "Plaintiff does not intend to fulfill her obligations under the settlement agreement." (Docket No. 26 at ECF p. 1). On September 29, 2020, Plaintiff, on her own filing while still represented by counsel, filed a *Motion to Revoke* alleging various action and/or inaction by her counsel, and requesting the court revoke the Agreement. (Docket No. 28).

1

### I.  MOTION TO REVOKE SETTLEMENT AGREEMENT

The court **DENIES** Plaintiff's *Motion to Revoke Settlement Agreement*. (Docket No. 28). The Agreement is fully enforceable and there is no basis to revoke. State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016); *see also Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) ("[A] settlement agreement is enforced . . . just like any other contract."). "Under Indiana law, a person is presumed to understand and assent to the terms of the contracts [s]he signs." *Buschman v. ADS Corp.*, 782 N.E.2d 423, 428 (Ind. Ct. App. 2003). "All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required. Only essential terms need be included to render a contract enforceable." *Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.*, 906 N.E.2d 805, 813 (Ind. 2009). *See also Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010) ("We find that the material terms were definite and certain: defendants would pay $6,000 to the Elustras in exchange for their dismissal of the lawsuit."); *Beverly*, 817 F.3d at 333 (finding the agreement was enforceable because it sufficiently defined the parties' intentions and obligations, namely that plaintiff would voluntarily dismiss her claim if the defendant paid her a specified amount by a certain date).

The Agreement was the complete and final agreement between the parties with all terms included therein. White signed the agreement on September 21, 2020, at the settlement conference. The Agreement is, therefore, a valid contract under Indiana law.

The Seventh Circuit also requires a plaintiff in an employment discrimination lawsuit to consent to a settlement agreement "knowingly and voluntarily." *Pierce v. Atchison, Topeka & Santa Fe. Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995). In the Seventh Circuit, a plaintiff who

executes a release pursuant to the advice of independent counsel, or a party whose attorney actively negotiates the release, is presumed to have executed the document knowingly and voluntarily absent claims of fraud or duress. *Riley v. Am. Fam. Mut. Ins. Co.*, 881 F.2d 368, 372 (7th Cir. 1989). In *Riley*, the plaintiff was represented by counsel who actively negotiated the release and agreement. *Id.* at 373–74. The plaintiff in *Riley* later tried to back out of his contractual obligations claiming that his counsel, *inter alia*, "failed to draft language adequate to protect plaintiff's Title VII rights." *Id.* The court found under those circumstances that the plaintiff must be found to have executed the Agreement voluntarily and knowingly and refused to engage in "judicial interpretation of plaintiff's subjective intent." *Id.*

Similarly, here, Plaintiff was represented by counsel, attended the settlement conference with her counsel, negotiated the material terms of the Agreement, signed an Agreement containing all terms, and does not now assert any fraudulent or coercive behavior on the part of Amazon, nor that she had an inadequate opportunity to consult with her attorney. Likewise, Plaintiff does not allege Amazon included any terms in the executed Agreement to which she did not agree during the settlement conference. There is also no allegation Amazon changed a material term in the executed Agreement to the contrary of any agreement during the conference.

Plaintiff's counsel, Andrew Dutkanych, responded to Plaintiff's motion and her particularized objections to the settlement. (Docket No. 30 at ECF p. 1). He indicates that Plaintiff was advised several times throughout the three-hour settlement conference that should she decide to resolve the matter, she would not have an opportunity to revoke her decision. (*Id.*). Plaintiff was further advised during the settlement conference that her counsel was waiving his contingency fee and that any amount that would be paid as attorney fees would be given to her as part of the settlement. (*Id.*). Plaintiff was provided with the settlement agreement to review. (*Id.*).

3

Mr. Dutkanych's assertions are entire consistent with this Court's observations during the settlement conference.

Moreover, the court's *ex parte* discussions with Amazon, with which Plaintiff also takes issue, were conducted as part of the settlement conference, just as the court's *ex parte* discussions with Plaintiff were also part of the negotiations. The court was a neutral party that presided over an arm's length negotiation. If Plaintiff is dissatisfied with the Agreement terms that she previously reviewed and accepted, that has no bearing on the enforceability of the Agreement. For these reasons, the court **DENIES** Plaintiff's *Motion to Revoke Settlement Agreement* (Docket No. 28). Amazon is **ORDERED** to distribute the funds consistent with the terms of the Agreement by **November 4, 2020.**

## II.     MOTION TO WITHDRAW APPEARANCE

The court finds good cause exists for Plaintiff's counsel, Andrew Dutkanych, *Motion to Withdraw* (Docket No. 26) and hereby does **GRANT** his request. In addition to counsel's request, Plaintiff has also requested that Dutkanych no longer serve as her attorney. (Docket No. 28). Andrew Dutkanych is **ORDERED** to deliver the funds consistent with the terms of the Agreement and file a Notice with this court by **November 18, 2020**, indicating that the funds have been delivered to Ms. White in accordance with the Agreement.

## III.     REPORT AND RECOMMENDATION

A settlement has been reached in this action. Thus, the undersigned hereby **RECOMMENDS** that this matter be dismissed with prejudice after the Notice filed with the court, which evidences the delivery of funds has been completed in accordance with the Agreement.

## IV.     CONCLUSION

In sum, Plaintiff's *Motion to Revoke Settlement Agreement* (Docket No. 28) is **DENIED**. Amazon is **ORDERED** to distribute the funds consistent with the terms of the Agreement by **November 4, 2020**. Plaintiff's counsel, Andrew Dutkanych, *Motion to Withdraw* (Docket No. 26) is **GRANTED**. Mr. Dutkanych's appearance is hereby **WITHDRAWN**. Andrew Dutkanych is **ORDERED** to deliver the funds consistent with the terms of the Agreement and file a Notice with this court by **November 18, 2020**, indicating that the funds have been delivered to Ms. White in accordance with the Agreement. The Clerk is **DIRECTED** to update Plaintiff's contact information as follows:

> CYNTHIA WHITE
> 10010 John Jay Drive
> Indianapolis, Indiana 46235
> (317)960-8858
> Rhodes4883@outlook.com

**SO ORDERED.**

Finally, the undersigned hereby **RECOMMENDS** that this matter be dismissed with prejudice after the Notice evidencing the delivery of funds has been filed with the court.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

Dated: 10/28/2020

*[signature: Matthew P. Brookman]*

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

    CYNTHIA WHITE
    10010 John Jay Drive
    Indianapolis, Indiana 46235

Service made electronically to all ECF-registered counsel of record.